RICHARD SUTPHIN

*v.*

THE INHABITANTS OF THE CITY OF TRENTON.

1. Under a sale of lands to pay an assessment for improvements, a purchase thereof by the city is valid, although the power to make such purchase was not conferred until after such assessment had been laid.

2. The charter provided that the damages for any improvement " be fairly and justly assessed by commissioners."—*Held*, that the court would not presume that the amount of damages assessed exceeded the benefits, merely because the commissioners' report omitted to state that fact.

Bill to remove cloud from title. On demurrer and plea.

*Mr. E. L. Campbell*, for defendants.

*Mr. J. C. Potts*, for complainant.

THE CHANCELLOR.

The bill is filed under the " act to compel the determination of claims to real estate in certain cases, and to quiet the title to the same" (*Rev. p. 1189*). It seeks relief against an assessment made by the defendants upon the complainant's property, for benefits in opening a street in

Sutphin *v.* City of Trenton.

the city of Trenton, and it prays relief, also, from a sale of the land thereunder, to the defendants, for the term of fifty years, under which they claim title for the unexpired balance of the term.    To so much of the bill as prays relief against the sale, the defendants have filed a general demurrer, alleging for cause of demurrer, want of equity; that the supreme court has jurisdiction of the subject matters, and that the complainant's remedy at law is complete, clear and certain; that the complainant does not offer to pay the defendants the money which appears by the bill to be due them for the assessment, and that the bill was not filed in due time.    The plea is to the relief sought against the assessment, and it sets up, as a bar, an adjudication of the supreme court on *certiorari*, prosecuted by the complainant himself, sustaining the assessment, and an adjudication of the court of errors and appeals affirming the judgment.

The bill states that the defendants had no legal authority to become the purchasers of the land at the assessment sale, and that the sale, and all title to be derived under it, are void.    The sale took place in April, 1878.    The supplement to the defendant's charter, approved in 1875 (*P. L. 1875 p. 346* § *7*), provides that, whenever any lot shall be offered for sale by virtue of that act or the charter itself, for the collection of any assessment, and there shall be no responsible bidder for it, it shall be lawful to strike it off to the inhabitants of the city for the term of fifty years.    The defendants, then, had lawful authority to purchase at the sale.

But the complainant still insists that no title passed by the sale because the assessment was made under an unconstitutional law.    The act under which it was made (*P. L. 1866 p. 398* § *77*) provides that the damages which owners of land will sustain by the opening of a street shall, with the cost of the land for the street obtained by agreement, be fairly and justly assessed by commissioners, upon such lots or subdivisions of lots as, in their opinion, will be benefited by the improvement.

The complainant insists that the provision that the whole of the damages and price shall be assessed on the property considered to be benefited, without regard to whether the assessment exceeds the amount of benefits or not, is in contravention of his constitutional rights. But the charter provides that the assessment shall be fair and just, and in such a case that cannot be a fair or just assessment which exceeds the amount of the benefit, and though the language of the act appears to contemplate the assessment of the whole amount of the damages and price upon the property benefited, without regard to the amount of benefit, yet it will be construed, if practicable, in such manner as not to authorize the imposition of an assessment beyond the amount of benefit received. It will, if practicable, be so construed as not to violate, but to protect, the constitutional rights of the property owner.

In *Village of Passaic* v. *State, 8 Vr. 538,* where a municipal charter provided for the assessment of the cost of grading a street, upon the lands fronting on the improvement, in proportion to the benefit to be received by each lot or parcel thereof, the charter was so construed as to limit the assessment to the amount of benefit. It was construed as if it contained an express limitation of the assessment to the land benefited, and the further limitation of the amount of the assessment to the benefit received. On the principle of that case, the provision of the charter of Trenton, under consideration, may be sustained. The assessment under that charter is expressly limited to the property benefited, and it is expressly provided that it must be fair and just.

In *Village of Passaic* v. *State,* the assessment was not expressly limited to property benefited, nor was it expressly limited to the amount of benefits. The provision was for an assessment upon the lands fronting on the improvement, according to the benefit to be received by each lot or parcel. Here it is expressly limited to land benefited, and is to be just and fair.

Sutphin *v.* City of Trenton.

The fact that no provision is made in the charter for any deficiency which might exist if the whole amount could not fairly and justly be assessed on the lands benefited, constitutes no objection to the construction. It was so held in *Village of Passaic* v. *State.*

The bill states that the commissioners in the case in hand reported to the common council that, in their opinion, the complainant's land described in the bill would be benefited by the laying out and opening of the street, and that, having justly and fairly considered the amount of such benefit, they had assessed upon the land the sum of $133. The amount does not appear by the statements of the bill, it may be remarked, to have exceeded the benefits. But if the act is not unconstitutional, the complainant is entitled to no relief in this suit. The assessment proceedings in such case were not a nullity. The assessment itself may have been liable to be set aside, because (if such was the fact) it did not appear by the commissioners' report that the amount did not exceed the benefits (*Village of Passaic* v. *State, ubi supra*), but that liability does not, *per se*, render it null and void. Relief against it in that respect was to be obtained by *certiorari*, the appropriate remedy.

The plea avers that the assessment was brought into the supreme court by *certiorari* on the prosecution of the complainant himself, and that he there objected to it because, among other things, as alleged, it was " unequal, unjust and unfair," and that it was there affirmed, and that the judgment of that court was subsequently affirmed on error in the court of last resort. Under the decision in *Jersey City* v. *Lembeck, 4 Stew. 255,* the complainant is not entitled to relief. He has not only had a remedy at law, but has availed himself of it.

The demurrer and plea are both good.